UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JOHN JUDGE,

        Plaintiff,

v.                          Case No: 2:21-cv-889-JES-DAB

KNAUF GIPS KG and KNAUF NEW
BUILDING SYSTEM (TIANJIN)
CO. LTD. f/k/a KNAUF
PLASTERBOARD TIANJIN CO.
LTD.,

        Defendants.
_____/

**OPINION and ORDER**

This case was part of a multidistrict litigation proceeding seeking damages caused by defective Chinese-manufactured drywall used to construct and refurbish homes throughout the Gulf Coast and East Coast of the United States. The background of this multidistrict litigation is summarized in the Report and Recommendation (Doc. #44, pp. 2-8), which is adopted but not repeated here. Twenty-five cases were ultimately transferred to the Middle District of Florida, including the case filed by plaintiff John Judge (Plaintiff or Judge). Judge's claims[1] are

---

[1] Plaintiff's claims include: (1) negligence; (2) negligence per se; (3) strict liability; (4) breach of express and/or implied warranty; (5) private nuisance; (6) negligent discharge of a corrosive substance; (7) unjust enrichment; and (8) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

filed against Defendants Knauf Gips KG (Knauf Gips) and Knauf New Building System (Tianjin) Co. Ltd. (KNB) f/k/a Knauf Plasterboard Tianjin Co. Ltd (collectively Defendants).  The procedural history of the case upon arrival in the Middle District of Florida is described in the Report and Recommendation (Doc. #44, pp. 8-9), which is also adopted herein.

Pursuant to a Case Management and Scheduling General Order, Defendants filed a Motion for Partial Summary Judgment as to Issues Common to All Cases. (Doc. #38.) The Motion raised two issues: (1) whether punitive damages are precluded by § 768.73(2), Fla. Stat.; and (2) whether damages available under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) § 501.204, Fla. Stat., are limited to recovery of the cost of the goods. (Id., pp. 9-22.) The Report and Recommendation (Doc. #44) (the Report) concerning this Motion was filed on October 19, 2022, by Magistrate Judge David A. Baker.  Defendants filed Objections (Doc. #46) to the Report and Recommendation on November 2, 2022.  No objection was filed by Plaintiff.

Review of the Objections to the Report was assigned to United States District Judge Thomas P. Barber.  Judge Barber adopted and affirmed the Report as to the FDUTPA issue, but deferred

---

Plaintiff seeks compensatory, statutory, and punitive damages along with pre-judgment interest, injunctive relief, and attorney's fees and costs. (Doc. #1.)

consideration of the objections concerning punitive damages to the District Court judges assigned to each individual case.  (Doc. #49, p. 5.)  Plaintiff's case is now before the undersigned to resolve Defendants' objections concerning punitive damages.

For the reasons set forth below, the Court sustains in part and overrules in part the objections; adopts the Report and Recommendation in part and rejects it in part; and grants Defendants' motion for partial summary judgment in part and denies it in part.

## I.

After conducting a careful and complete review, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may ... receive further evidence or recommit the matter to the magistrate with instructions." Stephens v. Tolbert, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting 28 U.S.C. § 636(b)(1)).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection.

See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

The Court adopts the Report's "Applicable Law" section. (Doc. #44, pp. 9-11.) Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the non-moving party, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). <u>See</u> <u>also</u> <u>Walker v. Life Ins. Co. of N. Am.</u>, 59 F.4th 1176, 1185 (11th Cir. 2023). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." <u>Allen v. Bd. of Pub. Educ. for Bibb Cnty.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Defendants argue that <u>Fla.</u> <u>Stat.</u> § 768.73(2) precludes Plaintiff's ability to recover punitive damages in this case. (Doc. #38, p. 9.) Defendants assert that they have satisfied § 768.73(2)(a), but that Plaintiff cannot satisfy § 768.73(2)(b). The Court agrees with the first argument, but not the second.

In <u>W.R. Grace & Co.--Conn. v. Waters</u>, 638 So. 2d 502, 505 (Fla. 1994) the Florida Supreme Court recognized the potential for abuse when a defendant is subjected to successive punitive damage

awards arising out of the same conduct, but was "unable to devise a fair and effective solution." But "a plaintiff's right to a claim for punitive damages is subject to the plenary authority of the Legislature," <u>Alamo Rent-A-Car, Inc. v. Mancusi</u>, 632 So. 2d 1352, 1358 (Fla. 1994), and in 1999 the Florida Legislature provided its solution. As part of a broader tort reform act, the Florida Legislature amended § 768.73 to add two relevant provisions:

> **(a)** Except as provided in paragraph (b), **punitive damages may not be awarded against a defendant in a civil action if that defendant establishes, before trial, that punitive damages have previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages**. For purposes of a civil action, the term "the same act or single course of conduct" includes acts resulting in the same manufacturing defects, acts resulting in the same defects in design, or failure to warn of the same hazards, with respect to similar units of a product.

> **(b)** In subsequent civil actions involving the same act or single course of conduct for which punitive damages have already been awarded, **if the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior**, the court may permit a jury to consider an award of subsequent punitive damages. In permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. **In addition, the court may consider whether the defendant's act or course of conduct has ceased.** Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court.

§ 768.73(2)(a)-(b), <u>Fla. Stat.</u> (emphasis added). The Florida Legislature provided that these provisions applied to all causes of action arising after October 1, 1999. <u>See</u> <u>Sheffield v. R.J. Reynolds Tobacco Co.</u>, 329 So. 3d 114, 116 (Fla. 2021).

The amendments essentially provide a presumptive "one-and-done" solution. The Florida Supreme Court has stated that "the purpose of the amendments is clear — to presumptively bar successive awards of punitive damages against a defendant based on 'the same act or single course of conduct.'" <u>Sheffield</u>, 329 So. 3d at 116. "[W]hen the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." <u>Shim v. Buechel</u>, 339 So. 3d 315, 317 (Fla. 2022) (citation omitted.) Additionally, "when determining the meaning of a statute, courts do not reach policy considerations where the statute's meaning is clear." <u>Id.</u> <u>See also</u> <u>Sheffield</u>, 329 So. 3d at 119.

In seeking the protection of § 768.73(2)(a), each defendant must individually carry its statutory burden. Thus, the statute provides that "punitive damages may not be awarded against a defendant in a civil action" "if <u>that</u> defendant establishes . . .." <u>Fla. Stat.</u> § 768.73(2)(a) (emphasis added.) While the burden of proof is not specified, the Court finds that the usual "greater

weight of the evidence" (the Florida equivalent of the federal preponderance of the evidence standard)[2] applies.  Had the Florida Legislature wanted a different evidentiary standard, the statute demonstrates it knew how to say so.  See § 768.73(2)(b)(requiring clear and convincing evidence.)  The statute also directs that a defendant must carry its burden "before trial."  Fla. Stat. § 768.73(2)(a).  The final two components of § 768.73(2)(a) describe what each defendant must establish.  Each defendant must establish "that punitive damages have previously been awarded against that defendant" and that these previous punitive damages were awarded "in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." Fla. Stat. § 768.73(2)(a).

To satisfy their statutory burden, Defendants have filed documents from Robin v. Knauf Plasterboard (Tianjin) Co. Ltd., Case No. 10-59323-CA-42, including a copy of the Amended Complaint, Jury Verdict, Final Judgment, and the Satisfaction of the Final Judgment.[3]  The Court adopts the summary of Robin set forth in the

---

[2] "'Greater weight of the evidence' is a term of art used interchangeably with 'preponderance of the evidence.'" In re St. Laurent, 991 F.2d 672, 677 (11th Cir. 1993), as corrected on reh'g (June 22, 1993).

[3] Plaintiff does not challenge the authenticity of Defendants' exhibits from the Robin litigation.  (Doc. #41, p. 7.)

Report. (Doc. #44, pp. 12-13.)  These documents establish the following material undisputed facts:

- On or about December 9, 2011, Jeffrey Robin and Elisa Robin sued defendants Knauf Gips KG (Knauf Gips), Knauf Plasterboard (Tianjin) Co. Ltd. (n/k/a Knauf New Building System (Tianjin) Co. Ltd.), and other defendants in Miami-Dade Circuit Court in an action captioned <u>Robin v. Knauf Plasterboard (Tianjin) Co. Ltd.</u>, Case No. 10-59323-CA-42.  Knauf Gips KG is one of the defendants in the current federal case.  Knauf Plasterboard Tianjin Co. Ltd is the former name of Knauf New Building System (Tianjin) Co. Ltd. (KNB) (<u>see</u> Doc. #20, ¶ 2), the other defendant in the current federal case.

- The Robins sued each defendant for harm resulting from acts relating to the manufacturing, design, installation, etc. of defective Chinese drywall in their home in Miami, Florida.  Plaintiffs purchased their residence on July 31, 2008, and thereafter had the Chinese drywall installed.  (Doc. #38-1, ¶¶ 29-30.) Plaintiffs did not learn of the defective drywall until late 2009 or early 2010. (Doc. #38-1, ¶ 24.) Therefore, the causes of action allegedly committed by defendants

arose after October 1, 1999, and the 1999 amendments to Fla. Stat. § 768.73(2) apply in the federal case.

- The Robins sought compensatory damages in the state case for harm caused by each Defendant and sought punitive damages from each defendant. (Doc. #38-1, ¶¶ 211-15 and "Wherefore" clause.)

- The harm alleged in Robin was from a single course of conduct for which Plaintiff Judge seeks compensatory damages in the current federal case.

- On November 22, 2013, a jury returned a verdict awarding Plaintiffs $1 million in punitive damages against defendant Knauf Plasterboard (Tianjin) and $5 million in punitive damages against defendant Knauf Gips. (Doc. #38-2.)

- On August 26, 2014, the state court judge entered a Final Judgment awarding compensatory and punitive damages against KPT totaling $1,362,239.98 and compensatory and punitive damages against Knauf Gips totaling $5,772,778.62. (Doc. #38-3.)

- The Court takes judicial notice that appeals relating to the punitive damages judgment were filed and dismissed. See Knauf Plasterboard Co. v. Robin, 189 So. 3d 777 (Fla.

3d DCA 2015); <u>Knauf Gips KG v. Robin</u>, 210 So. 3d 1291 (Fla. 3d DCA 2016).

- On March 7, 2017, the plaintiffs filed a Satisfaction of Judgment (which had been signed on August 23, 2016) in the state trial court acknowledging that all sums due under the Final Judgment "have been fully paid" and the judgment was canceled and satisfied.  (Doc. #38-5.)

Thus, the summary judgment evidence establishes quite literally that Defendants have established every requirement of Fla. Stat. § 768.73(2)(a).

Plaintiff's Opposition to the summary judgment motion stated that the assertion that punitive damages were awarded in <u>Robin</u> "appears to be correct."  (Doc. #41, p. 8.)  Plaintiff argued, however, that there were unknown facts relevant to the requirements of <u>Fla. Stat.</u> § 768.73(2)(b).  Specifically, Plaintiff argued that the amount of punitive damages "actually paid" by Defendants in <u>Robin</u> is unknown because there was a post-judgment settlement, the terms of which remain secret.  Plaintiff argued that the actual amount paid is "highly relevant" to the determination of whether the punitive damages award is "sufficient" under <u>Fla. Stat.</u> § 768.73(2)(b).  (Doc. #41, pp. 8-12.)

The Magistrate Judge read Plaintiff's opposition to the motion slightly differently.  The Report stated that Plaintiff contended "that Defendants cannot rely on § 768.73(2)(a) based on

the lack of information provided regarding the final amount of punitive damages that the Knauf Defendants actually paid following the settlement in *Robin*."   (Doc. #44, p. 14.)   The undersigned reads Plaintiff's argument against summary judgment as not disputing Defendants' satisfaction of the requirements of § 768.73(2)(a), but only disputing the satisfaction of § 768.73(2)(b) requirements.   Nonetheless, for purposes of this Opinion and Order, the Court will assume the Magistrate Judge correctly construed the scope of plaintiff's argument as contesting the satisfaction of both the requirements of Fla. Stat. § 768.73(2)(a) as well as the requirements of § 768.73(2)(b).

In a diversity action such as this, Florida substantive law controls. Ilias v. USAA Gen. Indem. Co., 61 F.4th 1338, 1344 (11th Cir. 2023)("In diversity cases, we are Erie-bound to apply the substantive law of the forum state; here, Florida.").   The competing positions of the parties requires the Court to decide an issue of Florida law.   To determine Florida substantive law, the Court looks first for precedent from the Florida Supreme Court. Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014). Where the Florida Supreme Court has not decided an issue, the Court must predict how the Florida Supreme Court would decide this case.   Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018). In making this prediction, the Court is "bound to adhere to the decisions of the state's intermediate appellate

courts absent some persuasive indication that the state's highest court would decide the issue otherwise." SE Prop. Holdings, LLC v. Ruston C. Welch, No. 21-11736, 2023 WL 2878735, at *3 (11th Cir. Apr. 11, 2023), _____ F. 4th ____ (11th Cir. 2023)(citations omitted.)  To decide whether such a persuasive indication exists, "all other data may be considered to the extent they indicate how the Florida Supreme Court might rule on an issue." Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1133 (11th Cir. 2010).[4]

Neither side has cited, and the Court has not found, a decision by the Florida Supreme Court addressing the meaning of "award" in the context of Fla. Stat. § 768.73(2).  The only relevant decision by a Florida intermediate appellate court is Knauf Plasterboard (Tianjin) Co. v. Ziegler, 219 So. 3d 882 (Fla. 4th DCA 2017).  In Ziegler, Knauf Plasterboard asserted the trial court erred by allowing discovery regarding the amount Defendants "actually paid" in punitive damages to settle the Robin case. Defendants argued that § 768.73(2) was "clear on its face," and the amount paid in the Robin settlement was irrelevant because § 768.73(2) speaks only in terms of an "award." Id. at 885.  The Ziegler court was called upon to determine whether "awarded" as used in § 768.73(2) meant "actually paid."

---

[4] Although citing other cases, the Report articulates the same legal principles.  The Court therefore adopts that portion of the Report.  (Doc. #44, pp. 15-16.)

> We agree with the drywall defendants' argument that section 768.73(2) speaks only in terms of a prior punitive damage "award." In fact, some derivation of the word "award" appears eight times within this subsection. But, not once does any derivation of the word "paid" appear. The statute is clear on its face. We will not infer any other meaning than the plain words chosen by the legislature. Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (Fla. 1931)).

Id. at 885-86.

After a lengthy discussion (Doc. #44, pp. 17-21), the Report rejected Ziegler as binding authority, stating that its holding would "appear to be out of step with the spirit of Florida's laws, similar laws in other states, and modern tort law in general." (Id., p. 20.)  The Report found that a jury verdict was not an "award" because it may not be translated into a judgment, and if translated into a judgment would be subject to reversal or modification on appeal.  "A verdict which never becomes part of a final, enforceable judgment can hardly be considered an 'award'." (Id., p. 21.)  The Report also found that a "judgment whose validity was questioned on appeal cannot be deemed an 'award' when the appellate process is pretermitted by a settlement."  (Id.) The Report rejected Ziegler and recommended that "award" as used in Section 768.73(2) should be "construed to require, at a minimum, that there have been a prior final enforceable judgment for punitive damages." (Id.)

Defendants object to the Report's recommended construction of the term "award" in § 768.73(2). (Doc. #46, p. 8.) The Court sustains this objection.

There is no Florida Supreme Court decision on the issue. There is also no persuasive indication that the Florida Supreme Court would decide the issue otherwise than Zeigler. The Florida Supreme Court has recognized that the issue of successive punitive damage claims for the same misconduct is a complex matter, Waters, 638 So. 2d at 505, and that a plaintiff's right to claim punitive damages is a matter within the "plenary authority of the Legislature." Mancusi, 632 So. 2d at 1358. The Florida Legislature chose a solution when it amended Fla. Stat. § 768.73 in 1999. The Florida Supreme Court has long held that a court cannot reach policy considerations where, as here, the statute's meaning is clear. Shim, 339 So. 3d at 317. As Zeigler stated, the Legislature repeatedly used the word "award" instead of the word "paid" or similar verbiage. The Court does not see anything which supports the Report's view that the holding in Zeigler is "out of step with the spirit of Florida's laws." (Doc. #44, p. 20.) The Report may or may not be correct that the holding is out of step with "similar laws in other states, and modern tort law in general." (Id.) But even if it is correct, nothing requires Florida to conform its laws to the statutory version in other states or "modern" tort

law.   This  Court  is  bound  by  <u>Zeigler</u>'s  interpretation  of  the
Florida  statute.

The  Court  declines  to  adopt  this  portion  of  the  Report.   The
Court  finds  that  Defendants  have  established  a  prior  "award"  of
punitive  damages  within  the  meaning  of  § 768.73(2)(a).  The  Court
need  not  determine  the  precise  parameters  of  an  "award."   It  is
sufficient  to  find,  as  the  Court  does,  that  a  plaintiff  who
received  a  jury  verdict  imposing  punitive  damages,  a  final  judgment
imposing  punitive  damages,  and  thereafter  filed  a  satisfaction  of
that  final  judgment  has  received  an  "award"  of  punitive  damages
under  § 768.73(2).   The  summary  judgment  evidence  establishes  that
Defendants  have  met  their  burden  as  to  each  component  of  §
768.73(2)(a).   Defendants'  objection  to  this  portion  of  the  Report
is  sustained.

### III.

This  does  not  fully  resolve  the  motion,  because  the  statute
provides  an  exception  even  where  § 768.73(2)(a)  is  otherwise
satisfied.  Section  768.73(2)(a)  begins  "Except  as  provided  in
paragraph  (b),  . . ..")   This  exception  to  the  one-and-done
presumptive  rule  provides:

> **(b)**  In  subsequent  civil  actions  involving  the  same  act
> or  single  course  of  conduct  for  which  punitive  damages
> have  already  been  awarded,  **if  the  court  determines  by
> clear  and  convincing  evidence  that  the  amount  of  prior
> punitive  damages  awarded  was  insufficient  to  punish  that
> defendant's  behavior,**  the  court  may  permit  a  jury  to
> consider  an  award  of  subsequent  punitive  damages.   In

15

> permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. **In addition, the court may consider whether the defendant's act or course of conduct has ceased.** Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court.

§ 768.73(2)(b), Fla. Stat.  Since the Court has determined that this federal action is indeed "a subsequent civil action[] involving the same act or single course of conduct for which punitive damages have already been awarded," the remainder of § 768.73(2)(b) is triggered.  Thus, the court must determine, by clear and convincing evidence, "whether the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior." Id.  If the court so determines, the jury in the federal case may be permitted to consider an award of subsequent punitive damages.  Id.

Defendants assert that Plaintiff cannot establish by clear and convincing evidence that the prior award in Robin was insufficient to punish their behavior.  Therefore, Defendants argue, Plaintiff is barred as a matter of law from pursuing punitive damages from a jury.  (Doc. #38, pp. 13-14.)

The Report found that even if the verdict in Robin is an "award" under Section 768.73(2), the evidence demonstrated a genuine issue of disputed material fact which precluded summary judgment, i.e., whether there is clear and convincing evidence

that a prior award is insufficient to punish Defendants' behavior. (Id., pp. 26-28, 32.)  Defendants also object to this portion of the Report, asserting that Plaintiff did not present clear and convincing evidence that the prior punitive damages award in Robin was insufficient to punish Defendants' behavior. (Doc. #46, p. 14.)  The Court overrules Defendants' objection and adopts the Report's recommendation that this portion of the partial summary judgment motion be denied.

Defendants relied upon evidence showing that as part of the previous multidistrict litigation they: paid for remediation of 2,598 homes; provided in excess of $500 million into settlement funds; paid approximately $37.5 million to settle over 300 claims for home remediation; settled with various homebuilders by paying $98.2 million; and provided $160 million in legal fees incurred by the Plaintiffs' Steering Committee. (Doc. #38, pp. 16-17.) Defendants argued that there is no reason to further punish them as they have "stepped up to the plate" and not only paid hundreds of millions of dollars in the multidistrict litigation but also "have also paid out $6 million in punitive damages in" the Robin Litigation. (Id., pp. 17-18.)

Plaintiffs respond that other than the $6 million in punitive damages in the Robin case, no other punitive damages were awarded (or paid) in the 4,265 cases settled by the Defendants.  (Doc. #41, p. 9.)  Plaintiffs assert that the Defendants paid a grand

total of $663 million in damages – thus, the punitive damages award
in Robin, even if actually paid in full, would represent less than
1.0% of the total damages paid. (Id., pp. 9-10.) Plaintiffs
conclude that by any measure the punitive damages awarded is
insufficient to punish Defendants' behavior in accordance with §
768.73(2)(b). (Id., p. 10.)

The Report considered the parties' arguments and evidence and
concluded

> Considering the positions set forth by the parties
> showing the merits and demerits of Defendants' conduct
> contributing to the losses and activities to ameliorate
> the damages, it is obvious that the facts and their
> interpretation and implications are very much in
> dispute. Viewed as a whole, the record could support
> findings of both reprehensible and laudable aspects of
> Defendants' activities. Sifting the evidence and
> reaching appropriate findings is not for resolution on
> summary judgment.

(Doc. #44, p. 26.)

The Court agrees with the Magistrate Judge that this issue
cannot be resolved by summary judgment motion.   According to §
768.73(2)(b), the Court is tasked with determining whether clear
and convincing evidence establishes the prior award of punitive
damages was "insufficient to punish defendants' behavior."   The
undisputed material facts presented in support of summary judgment
do not resolve this issue as a matter of law.   Accordingly, this
portion of Defendants' motion for partial summary judgment is
denied.   The matter will be resolved in what is essentially an *in*

*limine* proceeding. <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2 (1984)("We use the term [in limine] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").

Accordingly, it is now

**ORDERED:**

1. Defendants' Objections (Doc. #46) are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth above.

2. The Report and Recommendation (Doc. #44) is hereby **ADOPTED in part and REJECTED in part** as set forth above.

3. Defendants' Motion for Partial Summary Judgment as to Issues Common to All Cases (Doc. #38) as it relates to the issue of punitive damages is **GRANTED** to the extent Defendants have established the requirements of <u>Fla. Stat.</u> § 768.73(2)(a), and is **DENIED** to the extent it asserts that the requirements of § 768.73(2)(b) cannot be met.

4. The Court will by separate notice set a hearing to determine whether any prior award of punitive damages was insufficient to punish Defendants' behavior.

        **DONE** and **ORDERED** in Fort Myers, Florida this ___14th___ day of

April, 2023.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record